⊄S 10/17/08
11:47 am

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | |
| JAMES FLEMING<br><br>Plaintiff<br><br>v.<br><br>SEARS HOME IMPROVEMENT PRODUCTS INC.<br><br>Defendants | σ COURT USE ONLY σ |
| Attorneys for Plaintiff:<br>Jody Brammer-Hoelter<br>4532 Malibu Dr.<br>Berthoud, CO 80513<br>Phone Number (970) 532-9827<br>E-mail: hoelterlaw@mesanetworks.net<br>FAX Number (970) 532-4956  Atty. Reg. #: 36966<br><br>James Abrams<br>401 Westwood Dr.<br>Denver, CO 80206<br>Phone Number (303) 321-6087<br>Email:<br>Fax Number:   Atty Reg. # 11795 | Case Number: 08CV7524<br><br>Division:    Courtroom: 18 |
| **SUMMONS** | |

THE PEOPLE OF THE STATE OF COLORADO

TO THE ABOVE NAMED DEFENDANT, SEARS HOME IMPROVEMENT PRODUCTS INC. REGISTERED AGENT: THE CORPORATION COMPANY

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint. If service of the summons and complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you. If service of the summons

Reynolds Summons                                                                                                 1 of 2

**EXHIBIT A**

and complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without further notice.

The following documents are also served herewith:

Civil Case Cover Sheet

*Jody Brammer-Hoelter*
Jody Brammer-Hoelter, Atty. Regis. #36966
James Abrams, Atty. Regis. # 11795
Attorneys for Plaintiff

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>Court Address: 1437 Bannock St., Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | |
| JAMES FLEMING, JR.,<br>Plaintiff<br><br>v.<br><br>SEARS HOME IMPROVEMENT PRODUCTS, INC.<br>Defendant | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div. |
| Attorney or Party Without Attorney:<br>James Abrams<br>401 Westwood Dr.<br>Denver, CO 80206<br>Phone Number: 303 321-6987<br>FAX Number: (303) 298-8375 (fax)<br>E-mail:<br>Atty. Reg. #: 11795<br><br>Jody Brammer-Hoelter<br>4532 Malibu Dr.<br>Berthoud, CO 80513<br>Phone Number: 970 532-9827<br>FAX Number: 970 532-4956<br>E-mail:<br>Atty. Reg. #: 36966 | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff James Fleming, Jr., by and through his attorneys, James Abrams and Jody Brammer-Hoelter, for his Complaint against the above-named Defendant, alleges as follows:

### GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS

1. As set forth below in greater particularity, Plaintiff alleges that Defendant wrongfully terminated Plaintiff's employment, in violation of public policy, after Plaintiff exercised his statutory right to access the workers' compensation program for an injury

sustained while at work; that Defendant defamed Plaintiff by publishing false statements about Plaintiff; and that Defendant intentionally interfered with Plaintiff's prospective economic advantage by publishing a defamatory letter under the fraudulent signature of a co-worker.

2. This action is brought, *inter alia*, under Sections 13-25-124, *et seq.*, and 8-4-101, *et seq.*, Colorado Revised Statutes.

3. Where a defendant is a non-resident of the State, Rule 98 (c) (1) of the Colorado Rules of Civil Procedure authorizes an action to be tried in the county where Defendant may be found in this state. Defendant Sears Home Improvement, Inc. is an Illinois Corporation, headquartered in Florida and doing business in Denver, Colorado. Sears Home Improvement, Inc. has a registered agent in Denver, Colorado.

4. Venue is proper with this Court as Plaintiff is a resident of Colorado and all alleged violations of public policy and Colorado Statutes occurred in Colorado.

## FACTS

5. Mr. Fleming began work for Sears Home Improvement Products (SHIP) in February, 2003.

6. Throughout Mr. Fleming's employment with SHIP he received excellent performance evaluations.

7. At the time of his dismissal, Mr. Fleming was the Project Coordinator for the Siding, Windows and Door sales through the Denver SHIP office.

8. On December 9, 2005, Mr. Fleming was driving to a jobsite when his vehicle was struck by another vehicle. Mr. Fleming was transported to the emergency room.

9. As a result of this motor vehicle accident Mr. Fleming endured a neck sprain, a torn rotator cuff, cervical strain and thoracic sprain.

10. Despite constant pain from his injuries, Mr. Fleming returned to work on December 12, 2005.

11. Mr. Fleming's injuries required rehabilitative physical therapy two times a week for thoracic sprain until surgery in April, 2006.

12. Mr. Fleming underwent surgery for his torn rotator cuff on April 25, 2006. He was on "extended care leave" from that day until he was dismissed.

13. Mr. Fleming was released by his physician to return to on June 10, 2006, with the restriction that he not use his right arm.

14. Mr. Fleming communicated his release to work to his immediate supervisor, Russ Boyack.

15. Boyack informed Mr. Fleming that he should not return to work until there were no restrictions on the use of his right arm, and remain on extended care leave.

16. During his period of recuperation, Mr. Fleming went to the SHIP office regularly to complete necessary paperwork, participated in three telephone calls assisting Sears is developing its defense in a lawsuit (on July 26, July 31 and August 3, 2006), and completed paperwork requested by Boyack on July 27, 2006.

17. Sears indicated to Mr. Fleming that he was expected to appear in court as a witness on their behalf should this matter proceed to trial.

18. On August 9, 2006, Mr. Fleming was informed that his medical leave had expired on July 18, 2006, and no additional leave would be granted.

19. On August 10, 2006, Mr. Fleming was informed by telephone by Kathy Hibbison, Human Resources, that his position with SHIP was being filled because he had been away from work for more than 90 days.

20. Mr. Fleming was informed by Hibbison that he would not be allowed to return to work even with a medical release.

21. On September 5, 2006, during a telephone call with Hibbison and Phil Nanni, Regional Supervisor, Mr. Fleming was accused of extorting fees from subcontractors.

22. Mr. Fleming hand delivered a letter to Boyack's office invoking the defendant's internal dispute resolution process on September 6, 2006.

23. On or about September 6, 2006, Mr. Fleming underwent additional surgery, necessitated by the injuries sustained at work on December 5, 2005.

24. On or about September 23, 2006, Mr. Fleming was informed by Nanni that an investigation had been conducted and his employment was terminated.

25. At no time after invoking the internal dispute resolution process was Mr. Fleming given an opportunity to refute the allegations against him.

26. In August, 2007, Mr. Fleming learned that a letter defaming him had been purportedly written by a co-worker (Jesse Fagan) and given to Boyack.

27. In January, 2008, Mr. Fagan stated that he did not write the letter defaming Mr. Fleming.

28. Upon information and belief, the letter was composed by Russ Boyack and Mr. Fagan's signature was attached without his knowledge.

Oct 16 08 02:55p    Jody Brammer-    870 532-4956    p.10

## CLAIMS FOR RELIEF

### First Claim for Relief
### Wrongful Termination in Violation of Public Policy

29. Plaintiff hereby incorporates paragraphs 4 – 28 of this Complaint as though fully alleged herein.

30. The Workers Compensation Act of Colorado, §§ 8-4-101 *et seq.*, grants employees the right to apply for and receive compensation under the Act.

31. Mr. Fleming's employment was terminated while he was receiving benefits from workers' compensation, in order to protect the Defendant's self-serving economic interests.

32. Defendant created a pretext for Mr. Fleming's termination by falsely accusing him of misconduct.

33. Defendant willfully and wantonly violated Mr. Fleming's right to a work-related benefit, workers' compensation, when, as set forth above, it fired him for unsubstantiated, pretextual reasons.

### Second Claim for Relief
### Defamation by libel, C.R.S. § 13-25-124 et seq

34. Plaintiff hereby incorporates paragraphs 4- 32 of this Complaint as though fully alleged herein.

35. Defendant composed a letter imputing to Mr. Fleming criminal conduct.

36. Defendant composed a letter containing allegations injurious to Mr. Flemings' trade and/or business reputation.

37. The allegations contained in the letter are false.

38. Defendant, through its agent, published said letter to Mr. Fleming's co-workers.

39. Defendant, through its agent, published said letter with reckless disregard as to its truthfulness.

### Third Claim for Relief
### Intentional Interference with Prospective Economic Advantage

### DAMAGES

40. As a direct and proximate result of the Defendant's violation of Plaintiff's rights, Plaintiff has suffered the loss of income and benefits as well as incurring other damages. Plaintiff is entitled to relief as follows:

   a. All wages [including back pay and front pay], salary and employment benefits which he would have received but for the violation by the Defendants;

   b. Compensatory damages to the extent allowed by law, including, but not limited to, those for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and other nonpecuniary losses;

   c. Punitive damages as provided by statute;

   d. Pre-judgment and post-judgment interest at the highest lawful rate;

   e. Post-judgment interest on unpaid pre-judgment interest at the highest lawful rate;

    f. Mandatory and prohibitory injunctive relief, ordering reinstatement and all other equitable relief necessary to remedy the Defendants' practices and to prevent its repetition;

    g. Liquidated damages;

    h. Attorneys' fees;

    i. Costs and expenses of prosecuting this cause;

    j. Declaratory relief and other appropriate equitable relief;

    k. Any and all relief as allowed by law or as justice requires.

    l. Plaintiff is also entitled to all costs of collection of any judgment, including collection's counsel fees.

    m. Two weeks of vacation pay.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 23rd day of August, 2008.

Respectfully submitted,

*s/ signature on file*
Jody Brammer-Hoelter
Registration No. 36966
4532 Malibu Drive
Berthoud, CO 80513
(970) 532-9827

James Abrams
401 Westwood Drive
Denver, Colorado 80206
(303) 321-6087
(303) 298-8375 (fax)

*Attorneys for Plaintiff*